## PEYTON v. STEPHENS.

Where the lands belonging to the estate of a decedent were divided by agreement between six of his seven surviving heirs, and the six parcels or shares into which the land was divided were allotted in severalty to the six heirs participating in the division, one who had purchased four of the parcels of land so allotted to the heirs and who subsequently bought from one who inherited the interest of the seventh heir of the decedent, who did not participate in the division, would not, while holding and claiming as his own the four parcels or shares purchased as above stated, be entitled to a partition of another one of the several parcels of land which had been set apart and allotted to one of the six heirs participating in the division.

JUNE 16, 1911.

Application for partition. Before Judge Kimsey. Habersham superior court. June 1, 1910.

J. T. Peyton brought his petition for partition, alleging that on the 3rd day of July, 1901, he purchased from Henry R. Shurter, the latter being the sole heir of his deceased wife, who died seized and possessed of a one-seventh undivided interest in the estate of her father, Charles W. Landers, whose death antedated that of his daughter, all of the right, interest, and title which the said Shurter had inherited from his deceased wife, and took the deed of Shurter conveying the same. It is alleged that the estate of Charles W. Landers had never been administered; that the estate had never been divided and distributed to all of the heirs as provided by law; that a large tract of land situated in Habersham county was a part of the estate of Chas. W. Landers; and that Stephens, who is made the party defendant to the application for partition, holds and claims title to a certain described part of these lands, the same being designated as "Lot No. 3 of the division of the Charles W. Landers estate." Stephens filed an answer to the petition, admitting that he held and claimed title to the lands as alleged in the application for partition, that is, the lands designated as "Lot No. 3 of the division of the Charles W. Landers estate," but denied that petitioner has any interest whatever in the same. Upon the trial of the issue made the jury rendered a verdict in favor of the defendant. Whereupon the plaintiff, Peyton, made a motion for a new trial, which was overruled, and he excepted.

*J. C. Edwards,* for plaintiff.

*P. Cooley* and *J. B. Jones,* for defendant.

BECK, J.   It appears from the evidence in the record that when the lands belonging to the estate of Charles W. Landers were divided by agreement between the living heirs of Charles W. Landers, the living heirs were of the opinion that Henry Shurter, who had intermarried with Lola Landers and who survived her, had no interest in the estate of Charles W. Landers, although the death of the latter antedated the death of Henry Shurter's wife; and under this impression they made a division of the lands belonging to the Charles W. Landers estate, awarding and assigning certain parcels of land, which had been divided into six lots, to the living heirs of Charles W. Landers.   The applicant for partition bought from the heirs of Charles W. Landers four lots of land awarded to the heirs under the distribution referred to, and subsequently bought all of the interest of Henry Shurter in the estate of Charles W. Landers, that is, a one-seventh undivided interest in that estate; and he now contends that he is entitled to a partition, not of all the lands belonging to the estate of Charles W. Landers, but of that lot or parcel of land which had been awarded to Sanford Landers, one of the sons of Charles W. Landers, and which had passed by purchase to the defendant.

We are of the opinion that the finding in this case in favor of the defendant was the only verdict that could have been rendered under the facts of the case.   The interest which the petitioner took under the deed from Henry Shurter was a one-seventh undivided interest in all the lands belonging to the Charles W. Landers estate, and under that deed he would have been entitled, as against all the heirs of Charles W. Landers, to a partition of those lands.   But where there had been a division of the lands of Charles W. Landers among his living heirs, as appears to have been made among these parties, and the several lots into which the land was divided were awarded to the several claimants, one who bought an undivided interest in the entire estate of Charles W. Landers could not, after having purchased four of the six lots or parcels into which the entire estate of Charles W. Landers had been divided by agreement, hold those lots which he had purchased and insist upon a partition of a single one of the segregated lots or parcels of land which had been set apart and awarded in the division of the Landers estate to one of the heirs.   The deed of Henry Shurter conveyed to the petitioner a one-seventh interest

in the entire body of land belonging to the estate of Charles W. Landers, but did not give to him a one-seventh interest in any particular segregated portion of those lands. We do not think that the petitioner can hold as his own the four parcels of land which he bought from the other heirs of Charles W. Landers as the lots which were awarded to them in the division of their ancestor's estate, and have that division of the estate held good so far as regards the lots of land purchased by him, and yet, without regard to the considerations which may have moved Sanford Landers, another one of the heirs, to consent to the division, claim and have awarded to him under partition proceedings a one-seventh interest in the parcel of land originally awarded to Sanford Landers.

*Judgment affirmed. All the Justices concur.*